IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DANIEL MICHAEL RORIE,

     Plaintiff,

    v.

OFFICER ROSEBORO *et al.*,

     Defendants.

1:26CV381

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The plaintiff, a detainee in the Greensboro Detention Center, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The Complaint alleges that two officers at the Detention Center—Roseboro and Drakeford—violated the plaintiff's rights because Roseboro harassed him and, when the plaintiff protested peacefully in restraints, Drakeford assaulted him by breaking his fingers and slamming him onto his face hard enough to cause injuries requiring surgery. Flaws in the Complaint render further processing impossible.

I.    <u>The Basis of the Plaintiff's Official Capacity Claims is Unclear.</u>

The Complaint names Roseboro and Drakeford only in their official capacities, not their individual capacities. Docket Entry 2, § I(B). Official capacity claims are typically used to hold a defendant's employer liable in narrow circumstances. Here, Roseboro and Drakeford's employer is the Guilford County

Sheriff who operates and controls final policymaking authority for the Detention Center under North Carolina law.  *See Cobbs ex rel. Cobbs v. County of Guilford*, No. 1:10CV806, 2012 WL 3113141, at *2 (M.D.N.C. July 31, 2012) (unpublished), *rec. adopted as modified*, 2012 WL 4508106, (M.D.N.C. Sept. 28, 2012) (unpublished).  However, the Sheriff is not named in the lawsuit.

Further, under § 1983, theories of *respondeat superior* or liability predicated solely on a defendant's identity as a supervisor do not exist. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).  Therefore, the plaintiff cannot name the Sheriff simply because he employs two of the defendants. For official capacity liability to apply, the plaintiff would need to show that the alleged violations of his rights occurred as a result of a policy, practice, or custom of the Sheriff's Department. The Complaint does contain general allegations that the officers were not properly trained, but those allegations again do not involve the Sheriff and, more importantly, are entirely conclusory.  The Complaint does not contain any facts supporting the allegations of improper training.

For the foregoing reasons, the basis for any official capacity claim in the Complaint is unclear.

II.  <u>The Complaint Fails to State a Claim Against the Greensboro Detention Center and Guilford County's Insurance Company.</u>

The Complaint also names two other defendants.  The first is the Greensboro Detention Center.  Claims under § 1983 can only be brought against "persons" who violate a plaintiff's rights.  However, the Detention Center is a building, not a

person, and therefore not a proper the defendant under § 1983. Again, the plaintiff could potentially name the Guilford County Sheriff if he has a proper basis for doing so. However, it is not clear that any such basis exists and, in any event, the plaintiff does not appear to seek to name the Sheriff in his current Complaint.

The final defendant named in the Complaint is "the Municiple [sic] Insurance Co." based on a contention that it trains the officers on how to handle pretrial detainees. Docket Entry 2, §§ I(B), II(D). The Complaint also lists its employer as "Guilford County." *Id.* § I(B). The plaintiff may be incorrectly attempting to sue Guilford County's insurance company even though, as set out above, the Guilford County Sheriff, not Guilford County, controls the Detention Center. Regardless of this possible mistake, the Complaint again points to no defect in that training and contains no allegation that detention officers were trained by anyone to act in the manner alleged in the Compliant. Therefore, it is not clear how whatever person or entity handled their training could be held responsible under § 1983 for their actions.

III. <u>It is Unclear Which Officers the Plaintiff Intended to Name as Defendants.</u>

The Complaint mentions several officers who were generally involved in the events set out in the Complaint but does not specifically name them as defendants or appear to intend to include them. If the plaintiff seeks to name any person as a defendant, he should make this clear by including them in § I(B) of the complaint form.

3

IV.  The Basis for the Plaintiff's Claim Regarding the Service of His Bond is Unclear.

The Complaint contains a claim based on the service of the plaintiff's criminal charges over two days instead of all on one day, but does not tie this claim to any named defendant. *Id.* at 14.  It does refer to a detective from the Greensboro Police Department as the officer who served the charges on two days instead of one, but does not name that officer as a defendant.  Therefore, it is not clear whether the plaintiff actually intends to include this as a claim or, if so, which defendant he asserts is responsible.

It is also not clear why the plaintiff would have any federal constitutional right to have all of his charges served at once.  He alleges that the split service resulted in a secured, rather than unsecured, bond which he could then not meet.  However, even if this is so, the plaintiff would likely have to raise any challenge to his bond in the state courts through counsel if he is represented there.

If the plaintiff could bring any claim related to bond in this Court, it would likely be through a petition seeking a writ of habeas corpus under 28 U.S.C. § 2241, not an action under § 1983.  However, even under § 2241, he is unlikely to succeed. Federal intervention of any type in ongoing state court criminal proceedings offends the principles of state-federal comity and therefore may occur only in extreme circumstances.  *Younger v. Harris*, 401 U.S. 37 (1971).  This Court should abstain from interfering where a prior ongoing state proceeding implicates an

4

important state interest and the plaintiff will have an adequate opportunity to raise any federal claims in the state proceedings. *Id.*

To avoid abstention generally, a plaintiff must demonstrate the absence of an adequate remedy in the state courts and the existence of irreparable injury without equitable relief. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982). Intervention is possible based on bad faith, harassment or extraordinary circumstances. *Gilliam v. Foster*, 75 F.3d 881, 904-05 (4th Cir. 1996). However, for claims involving the setting of bond, other courts have refused to intervene in state court bond and prosecution practices. *See, e.g.*, *Pompey v. Broward Cnty*, 95 F.3d 1543 (11th Cir. 1996) (refusing to intervene in state contempt proceedings); *Mounkes v. Conklin*, 922 F. Supp. 1501 (D. Kan. 1996) (refusing to intervene in state bond/bail proceedings); *Mudd v. Busse*, 437 F. Supp. 505 (N.D. Ind. 1977) (same).

In the end, the plaintiff's allegations regarding the service of his bond are unclear as to the alleged violation of his rights and the connection to any named defendant. It may also need to be raised, if at all, in a separate petition under § 2241. If the plaintiff intends to raise a claim of this nature, he should determine the proper method for raising it and make his claim clear.

V.    <u>CONCLUSION</u>

**IT IS ORDERED** that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to

5

send the plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

**IT IS RECOMMENDED** that this action be dismissed *sua sponte* without prejudice to the plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 13th day of May, 2026.

_____
JoAnna Gibson McFadden
United States Magistrate Judge

6